# PETITION FOR PANEL REHEARING AND REHEARING EN BANC

No. 25-1220

## UNITED STATES COURT OF APPEALS

## FOR THE SEVENTH CIRCUIT

———————————————————

Kimberly Jean Brown

**PLAINTIFF-APPELLANT**

**V.**

Michelle Montgomery, et al

**DEFENDANTS-APPELLEES**

———————————————————

Appeal From the United States District Court

For the Northern District of Illinois. Eastern Division

Case No, 1:20-cv-04893

The Honorable Judge Sara Ellis

———————————————————

Appellant-Plaintiff, pro se

Kimberly Jean Brown, JD

1026 E 46th St, Unit 2E

Chicago, IL 60653

Kim@PrivacyGladiators.com

(773) 673-0324

# TABLE OF CONTENTS

I. TABLE OF AUTHORITIES..................................................................................3

    Cases..................................................................................................................3

    Statutes..............................................................................................................3

II. INTRODUCTION...........................................................................................4

III. PANEL REHEARING (FRAP 40).....................................................................5

    Point I: The Court misapprehended the operative discovery timeline and the
    nature of Appellant's compliance, including whether Appellant provided
    jurisdictional facts (residence and voter registration)..........................................5

    Point II: The Court overlooked the availability of incremental relief and the
    requested warning before dismissal with prejudice..............................................7

    Point III: The Court overlooked disability-access context relevant to culpability/
    proportionality...................................................................................................9

    Point IV: The Court should reconsider how a dismissal with prejudice operates
    in a jurisdictional-discovery posture...................................................................9

IV. REHEARING EN BANC (FRAP 35)...............................................................10

V. CONCLUSION.............................................................................................12

VI. CERTIFICATE OF COMPLIANCE.................................................................13

VII. PROOF OF SERVICE.................................................................................14

VIII. CIRCUIT RULE 30(D) STATEMENT..........................................................14

IX. SUPPLEMENTAL APPENDIX......................................................................15

    1. Declaration of Kimberly Jean Brown.............................................................16

    2. Second Supplemental Responses to Defendants' Interrogatories Relating to
    Jurisdiction, Brown v. Gartner, Northern District of Illinois, 20-cv-5195, ECF
    64.1.................................................................................................................18

# I. TABLE OF AUTHORITIES

**Cases**

Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982)

Link v. Wabash Railroad Co., 370 U.S. 626 (1962)

Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976) (per cur.)

Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999)

Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197 (1958).

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)

Tennessee v. Lane, 541 U.S. 509 (2004)

Willy v. Coastal Corp., 503 U.S. 131 (1992)

**Statutes**

Fed. R. App. P. 32

Fed. R. App. P. 35

Fed. R. App. P. 40

Fed. R. Civ. P. 16

Fed. R. Civ. P. 37

Fed. R. Civ. P. 41

28 U.S.C. 1746

## II. INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Appellant petitions for panel rehearing, and rehearing en banc, because the Court's December 18, 2025 order misapprehends material facts central to whether dismissal with prejudice was a permissible and proportionate sanction under Fed. R. Civ. P. 37, and overlooks controlling principles requiring fair notice and an opportunity to be heard before severe sanctions are imposed. (Fed. R. Civ. P. 37; Roadway Express, Inc. v. Piper – 447 U.S. 752 (1980))

Appellant respectfully submits that rehearing is warranted because:

**(i)** the Court treated the record as reflecting repeated missed deadlines when a single response deadline was missed;

**(ii)** the Court treated Appellant as refusing to provide jurisdictional details but overlooked that Appellant directed Appellees to her sworn jurisdictional discovery interrogatories docketed in an earlier case;

**(iii)** the Court misapprehended that the terminal sanction was imposed even though Appellant was in contact with Appellees and attempting to meet-and-confer with them, while Appellant was seeking to retain counsel for guidance; and

**(iv)** the Court misapprehended that the record does not reflect willful, bad-faith, or callously indifferent misconduct that supports the "death penalty"

sanction under Rule 37. (Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers – 357 U.S. 197 (1958); National Hockey League v. Metropolitan Hockey Club, Inc. – 427 U.S. 639 (1976) (per curiam)).

Appellant recognizes that jurisdictional discovery is a proper tool and that courts can impose sanctions addressing discovery misconduct, provided the sanction is just and appropriately tied to the discovery order. See Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee. **The narrow issue for rehearing is whether the record, and process here, support dismissal with prejudice as the sanction of first resort.**

## III. PANEL REHEARING (FRAP 40)

**Point I: The Court misapprehended the operative discovery timeline and the nature of Appellant's compliance, including whether Appellant provided jurisdictional facts (residence and voter registration)**

The Court affirms on the premise that Appellant missed "multiple" discovery deadlines. However, the record reflects that the district court vacated the initial October 2024 discovery order.  Under the reissued discovery order, January 10, 2025 was the operative deadline for Appellant's response.  Appellant missed that single operative discovery deadline. The district court entered the case-ending sanction as the sanction of first resort on January 23, 2025, 13 days after the first missed discovery deadline.

The disposition also affirms on the premise that Appellant refused to comply with jurisdictional discovery and did not provide basic jurisdictional facts, including residence history and voter registration.

However, the disposition's factual premise does not account for the fact that Appellant directed Appellees to her sworn jurisdictional discovery responses docketed in a prior litigation. *Second Supplemental Responses to Defendants' Interrogatories Relating to Jurisdiction, Brown v. Gartner, Northern District of Illinois, 20-cv-5195, ECF 64.1,* Supplemental Appendix, Item 2. Appellant's sworn interrogatories identify (i) each address where Appellant resided during the requested multi-year period and (ii) Appellant's voter registration history.

Even if directing Appellees to prior sworn interrogatory answers was not a procedurally sufficient substitute for serving amended responses by January 10, that issue goes to the appropriate remedial step and proportionality. This was, at most, a **procedural misstep by a pro se litigant** related to how jurisdictional facts were presented and incorporated into the response record, rather than the kind of willful, bad-faith, or culpable noncompliance required to justify dismissal with prejudice as a discovery sanction of first resort. See Compare Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers – 357 U.S. 197 (1958); National Hockey League v. Metropolitan Hockey Club, Inc. – 427 U.S. 639 (1976) (per curiam)). Moreover, this underscores how lesser

sanctions could have provided Appellant the opportunity to discover, and cure, her procedural misstep before the harshest sanction was imposed.

This corrected framing warrants rehearing because the sanction analysis should turn on culpability and proportionality on the corrected record, not on a premise that Appellant missed multiple deadlines and withheld jurisdictional facts altogether.


**Point II: The Court overlooked the availability of incremental relief and the requested warning before dismissal with prejudice**

The Court overlooked that there were lesser, more proportionate sanctions available, such as those set forth by Appellees.  Appellees' January 17, 2025 motion to compel expressly requested intermediate relief including:

(1) an order compelling Appellant to respond,

(2) an express warning that further noncompliance could result in dismissal under Fed. R. Civ. P. 41(b), and

(3) expense-shifting sanctions under Fed. R. Civ. P. 37.

However, the district court did not grant that incremental relief. Instead, it dismissed the case with prejudice as the sanction of first resort.

Although a court may dismiss without advance notice or an adversary hearing in some circumstances, that principle depends on the circumstances, including whether the party may be taken to understand the consequences of the conduct and whether a corrective remedy is available. See Link v. Wabash Railroad, 370 U.S. 626 (1962). Severe sanctions implicate basic fairness considerations in the exercise of sanction authority, including fair notice and an opportunity to be heard appropriate to the circumstances. See Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).

Dismissal with prejudice is the harshest sanction available under Fed. R. Civ. P. 37. It is not an appropriate first resort sanction on a record devoid of bad faith or willfulness.  The Supreme Court has held that Rule 37 should not be construed to authorize dismissal where the failure to comply is due to inability rather than willfulness, bad faith, or any fault of the party. See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers. The Supreme Court has approved dismissal where the record showed flagrant bad faith and callous disregard, underscoring that dismissal serves deterrence **in extreme cases.** See National Hockey League v. Metropolitan Hockey Club, Inc..

On this record, Appellees sought lesser sanctions, yet without setting forth factors to satisfy Societe, the district court proceeded directly to the harshest sanction available.   Rehearing is warranted to reconsider whether the procedure

used and the findings reflected in the record were fair and justified the harshest sanction.

**Point III: The Court overlooked disability-access context relevant to culpability/ proportionality**

The Court overlooked that the record reflects that the district court recognized Appellant's learning difference and appointed counsel to Appellant in March 2021, then allowed the appointed counsel to withdraw when post-judgment proceedings began.

Appellant does not contend that any statute creates a categorical right to appointed counsel in civil litigation. Rather, the prior appointment is relevant context bearing on whether the missed deadline reflected willful disregard as opposed to difficulty navigating complex post-judgment procedures while unrepresented; and whether lesser, non-terminal measures were available. (Fed. R. Civ. P. 37; Fed. R. Civ. P. 16(f)).

**Point IV: The Court should reconsider how a dismissal with prejudice operates in a jurisdictional-discovery posture**

Appellant recognizes that courts may impose certain collateral sanctions even if subject-matter jurisdiction is later determined to be lacking. See Willy v.

Coastal Corp. However, a dismissal "with prejudice" carries full adjudicatory consequences. In a posture where the remand-directed issue was jurisdiction and the discovery sought was jurisdictional discovery, rehearing is warranted to reconsider whether affirmation of a dismissal with prejudice as the sanction of first resort is consistent with the Supreme Court's instruction that jurisdiction must be assured before the merits are reached. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).

## IV. REHEARING EN BANC (FRAP 35)

Rehearing en banc is warranted because the disposition effectively affirms dismissal with prejudice as a jurisdictional-discovery sanction of first resort on a sequence where:

(1) A pro se litigant missed a single discovery deadline,

(2) Following that missed deadline, the pro se litigant was actively communicating with opposing parties to cure discovery issue and to retain counsel,

(3) The pro se litigant directed opposing counsel to access her responses to requested interrogatories within sworn interrogatories docketed in an earlier case,

(4) Opposing counsel moved for a compel order with significantly less severe sanctions than the district court imposed,

(5) Rather than impose requested lesser sanction(s), the district court dismissed the case with prejudice thirteen (13) days after the pro se litigant missed the first discovery deadline, and,

(6) The district court issued the dismissal with prejudice sanction:

- by minute entry and judgment, and,

- without setting forth why it imposed the harshest sanction rather than the lesser sanctions that opposing counsel requested.

This issue is of exceptional importance because it concerns the minimum record, culpability, and proportionality showing required before imposing the harshest Rule 37 sanction, consistent with the Supreme Court's culpability limits and deterrence rationale. Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers – 357 U.S. 197 (1958); National Hockey League v. Metropolitan Hockey Club, Inc. – 427 U.S. 639 (1976) (per curiam); Roadway Express, Inc. v. Piper – 447 U.S. 752 (1980).

## V. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant panel rehearing (and, in the alternative, rehearing en banc), vacate the December 18, 2025 disposition, and provide the relief set forth in Appellant's Brief.

In the alternate, if the Court concludes that jurisdiction is conclusively resolved on the existing record by issue preclusion principles based on Appellant's prior litigation, Appellant requests dismissal without prejudice for lack of subject-matter jurisdiction.

## VI.  CERTIFICATE OF COMPLIANCE

The undersigned, pro se Appellant, Kimberly Jean Brown, furnishes the following in compliance with Fed. R. App. Pro 32(a) and 40(b):

I hereby certify that this petition for rehearing complies with the type-volume limitations of Fed. Rule of App Pro 40(b) because it contains no more than 3,900 words, excluding the parts of the document exempted by the Fed. Rule of App. Pro 32(f).

This petition complies with the typeface and type-style requirements of Fed Rule of App Pro. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Liberation Serif 13pt font.

December 26, 2025

/s/ Kimberly Jean Brown

Appellant-Plaintiff, pro se

Kimberly Jean Brown, JD

1026 E 46th St, Unit 2E

Chicago, IL 60653

(773) 673-0324

## VII.  PROOF OF SERVICE

The undersigned is an in forma pauperis litigant. Plaintiff-Appellant has electronically filed the petition on CM/ECF which will transmit the petition to Appellees' attorneys.

December 26, 2025

/s/ Kimberly Jean Brown

Appellant-Plaintiff, pro se

Kimberly Jean Brown, JD

1026 E 46th St, Unit 2E

Chicago, IL 60653

(773) 673-0324


## VIII. CIRCUIT RULE 30(D) STATEMENT

Pursuant to Circuit Rule 30(d), Appellant certifies that all materials required by Circuit Rule 30(a) and (b) are included in the appendix or otherwise part of the record available to the Court.

**IX. SUPPLEMENTAL APPENDIX**

1. Declaration of Kimberly Jean Brown

2. Second Supplemental Responses to Defendants' Interrogatories Relating to Jurisdiction, Brown v. Gartner, Northern District of Illinois, 20-cv-5195, ECF 64.1.

# 1.  Declaration of Kimberly Jean Brown

I, Kimberly Jean Brown, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am the Plaintiff–Appellant in Case No. 25-1220. I am licensed to practice law in Illinois.  I am not a litigator.

2.  I have a documented learning difference and the district court recognized my learning difference and appointed counsel for me (March 2021).

3.  I have proceeded pro se since my court-appointed counsel was permitted to withdraw on April 19, 2024.

4.  On remand for jurisdictional proceedings, the district court issued an October 2024 discovery order. The district court later vacated that October 2024 discovery order on the ground that it was entered before the mandate issued.  The court thereafter reissued a discovery order in November 2024.

5.  The reissued discovery order set January 10, 2025 as the deadline for my responses.  However, I did not serve substantive responses by January 10, 2025.

6. Between January 14 and January 17, 2025, I emailed opposing counsel requesting a short extension of time and proposing a meet-and-confer regarding my objections and responses.

7. At that time, I believed in good faith that I was procedurally required to meet and confer with opposing counsel before filing a motion with the court to request an extension.

8. Opposing counsel filed a motion to compel on January 17, 2025 requesting the court issue me a warning and other non-terminal sanctions. On January 23, 2025, 13 days after my first missed discovery deadline, the district court held a telephonic hearing and dismissed my case with prejudice as the sanction of first resort.

9. The court did not provide me an opportunity to file a written response to opposing counsel's January 17, 2025 motion before imposing the dismissal sanction on January 23, 2025.

10. I declare that the foregoing is true and correct to the best of my knowledge.

Executed on: December 26, 2025

/s/ Kimberly Jean Brown

Kimberly Jean Brown, JD

**2.** Second Supplemental Responses to Defendants' Interrogatories Relating to Jurisdiction,  Brown v. Gartner, Northern District of Illinois, 20-cv-5195, ECF 64.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | Case No. 20-cv-5195 |
| | ) | |
| SCOTT GARTNER, ADAM KINGSLEY, | ) | Judge Andrea R. Wood |
| KINGSLEY LAW GROUP, and | ) | Magistrate Judge M. David Weisman |
| MERIT LAW GROUP, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S SECOND SUPPLMENTAL RESPONSES TO DEFENDANTS'
INTERROGATORIES RELATING TO JURISDICTION**

Plaintiff, by her attorney, provides the following written answers for the to the Defendants'

interrogatories relating to jurisdiction:

1. Identify each address where you have resided from January 1, 2018, to the present.

For each address, identify the dates you resided at the address, the owner of the residence, who

resided with you, the dollar amount you paid per month for mortgage or rent, to whom you paid

the mortgage or rent, and any homeowners or property insurance you paid in connection to the

residence.

**ANSWER:**
**1. The following information includes the locations in which I remember residing since 2018.
I will update this information if I remember additional locations:**
   **A. January 2018 - August 2018 - 4630 S. Greenwood, Chicago, IL 60653; I resided in
   my home which was the center of the TND case. I cannot remember my mortgage
   payment amount or homeowner's insurance premium. My son, Len Washington
   III, resided with me.**
   **B. August 2018 – February 2019: I was homeless but I still had financial resources. I
   lived primarily in hotels, with family members and in AirBNBs. I do not have a list
   of hotels in which I stayed and I no longer have access to the email addresses which
   I used to book the rooms. This information can be gathered by subpoenaing
   Hotels.com, Travelocity and Expedia, Kayak and AirBNB and providing the email
   addresses I provided, as requested, earlier in this suit.**

1

Exhibit 1

    a. At some point during this time period, I stayed several weeks with Veronica Mobley in her home at 9242 Wooden Rd, Raleigh, NC. No one else resided in the home. I did not pay rent.

    b. At some point during this time period, I rented an apartment in Houston, Texas for several weeks. I believe the address was 1111 Post Oak, No one resided there with me. I believe the rent was $1500/month.

    c. In January 2019, I rented a hotel room at Bon Secours Conference and Retreat Center in Marriottsville, MD. I do not remember the rate and no one stayed in the room with me.

    d. During first week of February 2019, I rented a hotel room at Holiday Inn, Canonsville, MD. I do not remember the rate and no one stayed in the room with me.

**C.** February 2019 – June or July 2019 – I rented a home in Raleigh, North Carolina. My rent was approx. $1,500/month. I do not remember having property insurance. My son resided with me for a month. No one else resided with me.

**D.** July 2019 – November 2019 – I was homeless and had minimal financial resources. I primarily lived in rented RVs and cars. No one resided with me. I rented the RVs from Cruise America and I rented cars from various rental car companies. I no longer have access to the rental date information from the companies. I suggest subpoenaing the major car rental agencies for the information.

    a. During this period, I also resided in the home of Jessica and Derek Holmes in Jacksonville, FL for a couple of weeks. No one else resided there besides them. Another relative visited during the time I was there. I did not pay rent.

**E.** November 2019 – July 2020 – I was homeless. I lived in an RV my father purchased from Cruise America. No one else resided with me and I did not pay rent.

    a. During this time period, I also resided in Bovina, Mississippi at the home of my aunt, Camillia Brown. No one resided with me. I did not pay rent.

**F.** July 2020 – August 2021 – 1026 E. 46th St, Unit 2E, Chicago, IL. 60653. I lived in my parents' condo following the death of my father. I put the RV I inherited from my father) in shop. I did not pay rent. I slept on the floor of their office. Occasionally, another family member resided there, Doris Barnett. No one else resided there,

**G.** September 2021, my mother moved out of state. I agreed to stay in her condo until May 2022 to care for my father's dog. I began paying $500/month rent to my mother approximately Sept 2021. No one else resided with me.

**H.** March 2022 – present, - 1026 E. 46th St, Unit 2E, Chicago, IL 60653. I decided to purchase my mother's condo and I began paying my mother $1,500/month to purchase her unit.

As to my responses to 1B, 1D, 1E above, I switched locations often as I was searching for a new place to call home as I was homeless and living unconventionally and so I do not recall my exact locations. The hotel, car, RV information can be accessed via subpoenas to the hotel website.

    2.    For the tax years 2018 through 2021, identify all federal and state tax returns you

filed, and identify the address you listed on each tax return.

**ANSWER:  I did not file tax returns in 2018 and 2020.  I have not yet file taxes for 2021.
I filed my federal 2019 tax return Oct 23, 2020, to receive the COVID stimulus funds. I did
not file a state tax return. I used the address of 1026 E. 46th St, Unit 2E, Chicago, IL 60653 for
that filing.**

3.     Identify each license you held in all legal, professional, business, governmental,

and academic fields from January 1, 2018, to the present. This includes, but is not limited to, your

law license and driver's license. For each license, identify the address you had on file for the license and the dates each address was on file.

**ANSWER: The only professional license I have is my Illinois law license. I'll utilized my parent's address 1026 E. 46th St, Chicago, IL 60653 for renewals before and after 2018. I also used my former house address of 4630 S. Greenwood, Chicago, IL 60653.**

**In 2018 and the first half of 2019, I had an Illinois driver's license. However, I obtained my North Carolina driver's license while living in North Carolina, in either June or July 2019. I have no other driver's license other than my North Carolina license.**

4.      Identify all vehicles you owned, leased, purchased, or made payments on from January 1, 2018, to the present. For each vehicle, identify the state of registration and the dates it was registered in that state. Also identify any insurance you had on the vehicle, the state the vehicle was insured in, and the address you had on file with the insurance company.

**ANSWER: I rented multiple cars and RVs in 2018 and 2019. I do not have access to their registration numbers (see response to Question 1). Beginning in November 2019, my father purchased an RV from Cruise America and registered it in his name and used his address, 1026 E. 46th St, Chicago, IL. The registration was in Illinois. His insurance was Progressive, Policy #934256172. I did not remember making any payments on the RV until 2021, after my father's death, I paid the RV insurance.**

5.      Identify all locations you stored personal property at from January 1, 2018, to the present, including, but not limited to, storage facilities, self-storage units, and/or the residence of family or friends.

**ANSWER: I object to providing additional information for this interrogatory as it is outside the scope of this limited discovery. Subject to that objection, being homeless, I stored property at numerous locations. I stored property in large storage units in Illinois and North Carolina. In 2019, when I secured a rental home in North Carolina, I released the large storage units in Illinois and moved the items to North Carolina. When I moved out of the North Carolina rental home, I placed my furniture in storage in North Carolina since I planned to remain there.** When I could no longer afford the cost of the storage unit, I gave the furniture away.

6.      Identify all clubs, associations, organizations, churches, unions, and groups you were a member of from January 1, 2018, to the present. For each club, association, organization, church, union, and group, identify the address, location, or place of membership and the dates you

were a member.

**ANSWER:  Besides the Illinois Bar, the only organization I recall being a part of since 2018 is ISC2.  On July 72022, I called ISC2 and was told that the only address they retain is my current address.  They have my address as 9242 Wooden Rd, Raleigh, NC. I was enrolled at DePaul University (online) during that time.  I don't recall being a part of a group there, but I could have been a part of something.**

7.      Identify the states and jurisdictions where you were registered to vote from January 1,

2018, to the present, and for each registration, identify your registration number and address.

**ANSWER:  I was licensed to vote in Illinois at 4630 S. Greenwood, Chicago IL, in 2018 I obtained my North Carolina driver's license in 2019.  I was told that my Illinois voter registration was automatically terminated when I got a license in another state.  I have not registered to vote in North Carolina, nor any location since.**

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF COOK             )

## **VERIFICATION**

     I, Kimberly Jean Brown, being first duly sworn on oath, deposes and states as follows:

     That I have read the foregoing answers to interrogatories and know the contents thereof; that said responses were prepared with the assistance and advice of counsel upon whose advice I have relied; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that I consequently reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein the said responses are true to the best of my knowledge, information or belief.

          */s/Kimberly Jean Brown* (signed and verified via electronic signature)

          Dated:  7/6/22